Dear Mr. Broussard:
You advise this office that you currently serve as the appointed magistrate for the Town of Youngsville and as the appointed prosecutor for the Town of Broussard. You ask whether or not the law allows you to maintain either or both of the appointed positions in the event that you are elected Abbeville City Judge.
For purposes of the Dual Officeholding and Dual Employment laws, R.S. 42:61, et seq., the law considers a city judge to hold elective office in the judicial branch of state government. See R.S. 42:63(8). The prohibitions applicable are contained within R.S. 42:63(C), providing:
 C. No person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof.
Thus, the dual officeholding laws would prohibit one from holding elective office in the government of this state and a full-time appointed position[1]. The law would also prohibit one from holding an elective office in the judicial branch of state government and any employment in a political subdivision of the state. However, we assume that the office of magistrate and the office of town prosecutor both meet the definition of "appointive office" provided in R.S. 42:62(2) as offices "specifically authorized by .ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
While the Dual Officeholding and Dual Employment laws pose no restraint on the holding of these positions, note that as an elected judge you would be subject to the Code of Judicial Conduct. Whether or not the Code would prohibit this arrangement involves an interpretation of the Code, which is within the authority of the Judiciary Commission. You may write to the Judiciary Commission in care of Dr. Hugh Collins, Judicial Administrator, 301 Loyola Avenue, Room 109, New Orleans, Louisiana, 70112, phone number (504) 568-5747.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: August 9, 2001
[1] 1 R.S. 42:62(4) and (5) define full-time and part-time, respectively, as follows:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in a appointive office or employment which is less than the number of hours of work defined in this section as full time.